**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION,<br><br>Defendant. | No. 20-1787 (RGA)<br><br>JURY TRIAL DEMANDED |
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., AND ALPHATEC SPINE, INC.,<br><br>Defendants. | No. 21-805 (RGA)<br><br>JURY TRIAL DEMANDED |
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>SEASPINE HOLDINGS CORP., SEASPINE ORTHOPEDICS CORP., AND SEASPINE, INC.<br><br>Defendants. | No. 21-806 (RGA)<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] CONSOLIDATED SCHEDULING ORDER**

This __ day of March, 2022, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

1

IT IS ORDERED that:

1. <u>Consolidation</u>. These actions are consolidated for all purposes other than trial, and all filings shall be made in *Dr. Mark A. Barry v. Stryker Corporation*, No. 20-1787 (RGA). For purposes of this Order, the Alphatec defendants are collectively referred to as "Alphatec," and the SeaSpine defendants are collectively referred to as "SeaSpine." Collectively, Stryker Corporation, Alphatec, and SeaSpine are the "Defendants."

2. <u>Rule 26(a)(l) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before: **Plaintiff's Proposal: March 11, 2022[1]; Defendants' Proposal: March 18, 2022**.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before: **Plaintiff's Proposal: June 3, 2022; Defendants' Proposal: June 3, 2022**.

4. <u>Discovery</u>.

    a. <u>Default Standard Paragraph 3 Disclosures</u>. The parties shall make their disclosures pursuant to Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard") on or before: **Plaintiff's Proposal: March 11, 2022; Defendants' Proposal: March 18, 2022**.

    b. <u>Initial Discovery in Patent Litigation</u>.[2] According to paragraphs 4(a)-(e) of the Default Standard:

        i. For each Defendant, Plaintiff shall specifically identify the accused

---

[1] On February 25, 2022, Dr. Barry produced to Alphatec and SeaSpine his Rule 26(a)(1) Initial Disclosures and Default Standard Paragraph 3 Disclosures. He produced those same documents to Stryker on July 14, 2021.
[2] As these disclosures are "preliminary" or "initial," each party shall be permitted to supplement.

products[3] and the asserted patent(s) they allegedly infringe, produce the file history for each asserted patent, and identify Plaintiff's preliminary damages model on or before March 4, 2022.

    ii. Each Defendant shall produce to the Plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications on or before: **Plaintiff's Proposal: April 4, 2022; Defendants' Proposal: April 22, 2022**.

    iii. Plaintiff shall disclose a list of claims being asserted against Defendants Alphatec and SeaSpine no later than **April 29, 2022**.

    iv. Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims (which shall be limited to no more than 3 claims from each asserted patent) each product allegedly infringes on or before: **Plaintiff's Proposal: May 2, 2022; Defendants' Proposal: May 27, 2022**.

    v. Each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) on or before: **Plaintiff's Proposal: June 3, 2022; Defendants' Proposal: July 15, 2022**.

    vi. Absent a showing of good cause, or an agreement among all parties, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

    c. <u>Fact Discovery Cut Off</u>.  All fact discovery shall be initiated so that it will

---

[3] For ease of reference, the word "product" encompasses accused methods and systems as well.

be completed on or before: **Plaintiff's Proposal: January 13, 2023[4]; Defendants' Proposal: March 11, 2023**.

        d.    Document Production. Document production shall be substantially complete by: **Plaintiff's Proposal: November 14, 2022; Defendants' Proposal: December 2, 2022**.

        e.    Requests for Admission. **Plaintiff's Proposal:** Dr. Barry may serve a maximum of 50 requests for admission on each Defendant. Each Defendant may serve a maximum of 10 independent requests for admission on Dr. Barry. Defendants, collectively, may serve 30 common requests for admission on Dr. Barry. Any requests for admission directed to authentication of documents are excluded from this limitation.**; Defendants' Proposal:** Dr. Barry may serve a maximum of 50 requests for admission on each Defendant. Each Defendant may serve a maximum of 40 independent requests for admission on Dr. Barry. Defendants, collectively, may serve 10 common requests for admission on Dr. Barry. Any requests for admission directed to authentication of documents are excluded from this limitation.

        f.    Interrogatories. **Plaintiff's Proposal:** Dr. Barry may serve a maximum of 25 interrogatories, including contention interrogatories, on each Defendant. Each Defendant may serve a maximum of 10 independent interrogatories, including contention interrogatories, on Dr. Barry. Defendants, collectively, may serve 10 common interrogatories, including contention interrogatories, on Dr. Barry.**; Defendants' Proposal:** Dr. Barry may serve a maximum of 25

---

[4] Dr. Barry has already produced 19,540 documents (for a total of 277,000 pages) to Stryker, and will produce these same documents to Alphatec and SeaSpine once both defendants sign onto the protective order in the consolidated action (D.I. 29). Dr. Barry does not intend to withhold any documents he previously produced to Medtronic, Globus, or DePuy, with the exception of those prior defendants' confidential and AEO information. For that set of materials, on September 14, 2021, Dr. Barry provided to Stryker the contact information for the prior defendants' in-house and/or outside counsel to facilitate the production of their confidential and AEO documents, and Dr. Barry will provide that same information to Alphatec and SeaSpine.

interrogatories, including contention interrogatories, on each Defendant. Each Defendant may serve a maximum of 20 independent interrogatories, including contention interrogatories, on Dr. Barry. Defendants, collectively, may serve 10 common interrogatories, including contention interrogatories, on Dr. Barry.

      g.    Depositions.

          i.    Limitation on Hours for Deposition Discovery. **Plaintiff's Position:** Dr. Barry may take up to **70** hours of non-expert testimony by deposition upon oral examination per Defendant. Each Defendant is limited to a total of **70** hours of non-expert testimony by deposition upon oral examination. The Defendants, collectively, may depose Dr. Barry for a maximum of **10** hours.[5] If one or more Defendant is dismissed from the case, the remaining Defendants may depose Dr. Barry for a maximum of **7** hours.; **Defendants' Position:** Dr. Barry may take up to **70** hours of non-expert testimony by deposition upon oral examination per Defendant. Each Defendant is limited to a total of **70** hours of non-expert testimony by deposition upon oral examination. The Defendants, collectively, may depose Dr. Barry, in his personal capacity, for a maximum of **21** hours. If one or more Defendant is dismissed from the case, the remaining Defendants may depose Dr. Barry, in his personal capacity, for a maximum of **14** hours.

          ii.    Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties.

---

[5] Dr. Barry has already been deposed for over 20 hours in the Medtronic, DePuy, and Globus cases, and was cross examined for almost three hours during the Medtronic trial. Dr. Barry has produced the trial transcript, exhibits, and demonstratives to Stryker, and will produce his prior deposition transcripts to Stryker on March 4, 2022. Dr. Barry will produce these same materials to Alphatec and SeaSpine once they sign onto the protective order.

A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    h.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

 If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    i.  <u>Miscellaneous Discovery Matters</u>.

     i.  The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether he expects to institute any further litigation in this or other Districts within the next year. Defendants should advise whether they expect to file one or more IPRs and,

if so, when.

**Plaintiff's Position:** At this time, Dr. Barry does not expect to institute any further litigation in this or other Districts within the next year. Dr. Barry proposes that the cases against Stryker, Alphatec, and SeaSpine be consolidated for all discovery and pre-trial deadlines.

The following action involves the same asserted patents as in the present case, and remains pending in the United States District Court for the Eastern District of Pennsylvania:

- *Barry v. DePuy Synthes Companies et al.*, No. 2:17-cv-03003 (E.D. Pa.)

The following completed actions, including IPRs, also involve one or more of the asserted patents:

- *Barry v. OrthoPediatrics Cop.*, No. 1:20-cv-01786 (D. Del.)
- *Barry v. Globus Medical, Inc.*, No. 2:17-cv-02998 (E.D. Pa.)
- *Barry v. Medtronic, Inc.*, No. 1:14-cv-00103 (E.D. Tex.)
- *Barry v. Medtronic, Inc.*, No. 17-2463 (Fed. Cir.)
- *Medtronic, Inc. v. Barry*, No. 17-1169 (Fed. Cir.)
- *Medtronic, Inc. v. Barry*, No. 17-1170 (Fed. Cir.)
- *Medtronic, Inc. v. Barry*, IPR2015-00780 (PTAB)
- *Medtronic, Inc. v. Barry*, IPR2015-00783 (PTAB)
- *Medtronic, Inc. v. Barry*, IPR2014-01210 (PTAB)
- *Medtronic, Inc. v. Barry*, IPR2014-01211 (PTAB)
- *Medtronic, Inc. v. Barry*, IPR2014-01212 (PTAB)

**Defendants' Position:** At this time, Defendants do not have a present intention of filing one or more IPRs. Defendants SeaSpine and Alphatec are still considering whether to file one or more IPRs and reserve the right to file one or more IPRs.

     ii.  The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

  **Plaintiff's Position:** When Dr. Barry serves his Initial Infringement Claim Charts, he will assert no more than 3 claims from each of the 5 asserted patents (for a total of up to 15 asserted claims). At this time, Dr. Barry does not believe set times for further reducing the number of asserted claims or asserted prior art will be necessary. Dr. Barry reserves his rights to request amending the schedule to reduce the number of asserted prior art used for anticipation and obviousness combinations after Defendants have served their invalidity contentions.

  Commensurate with 15 asserted claims by Dr. Barry, Dr. Barry proposes that each Defendant limit the number of asserted prior art combinations in their Initial Invalidity Contentions to no more than 30 prior art combinations.

  **Defendants' Position:** Defendants agree to Plaintiff's proposal, with the addition of the following reservation of rights: Defendants reserve the right to request amending the schedule to reduce the number of asserted claims for each asserted patent.

     iii.  If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff shall represent in the scheduling order that he is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what

their preliminary views of damages are.

**Plaintiff's Position:** Dr. Barry has complied with this requirement with respect to Stryker and is in in the process of complying with it for the other Defendants. Dr. Barry will provide the agreements on an Attorney's Eyes-Only basis.

5.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before **Plaintiff's Position:** the Court entered a Stipulated Protective Order in *Barry v. Stryker Corp.*, C.A. No. 1787 on July 8, 2021 (D.I. 29). If the Court consolidates these actions under C.A. No. 1787, it is Plaintiff's position that the Stipulated Protective Order in that case should control with Alphatec and SeaSpine added via amendment by March 11, 2022; **Defendants' Position:** March 18, 2022. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6.  Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7.  Courtesy Copies. The parties shall provide to the Court two courtesy copies of all

briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>.  **Plaintiff's Position:** On or before June 13, 2022, Dr. Barry and Defendants shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than June 27, 2022.  The Joint Claim Construction Chart, in Word format, shall be emailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

**Defendants' Position:** On or before July 29, 2022, Dr. Barry and Defendants shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before August 11, 2023, Dr. Barry and Defendants shall exchange their proposed claim construction of those term(s)/phrase(s) and supporting evidence.  This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than August 18, 2022.  The Joint Claim Construction Chart, in Word format, shall be emailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim

language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>.[6] **Plaintiff's Position:** Dr. Barry shall serve, but not file, his opening brief, not to exceed 5,000 words, on July 18, 2022. Defendants shall serve, but not file, their combined answering brief, not to exceed 7,500 words, on August 8, 2022. Dr. Barry shall serve, but not file, his reply brief, not to exceed 5,000 words, on August 22, 2022. Defendants shall serve, but not file, their combined sur-reply brief, not to exceed 2,500 words, on September 7, 2022. No later than September 19, 2022, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.[7]

**Defendants' Position:** Dr. Barry shall serve, but not file, his opening brief, not to exceed 5,000 words, on September 23, 2022. Defendants shall serve, but not file, their combined answering brief on October 28, 2022. The combined portion of Defendants' answer brief shall not exceed 7,000 words, with each Defendant having up to an additional 1,200 words to address issues unique to that Defendant, if any. Dr. Barry shall serve, but not file, his reply brief, not to exceed

---

[6] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with his opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

[7] Two courts have already issued *Markman* orders construing the terms of the asserted patents. If the Court agrees with defendants' proposal, Dr. Barry requests a commensurate increase in word count for his opening and reply briefs.

11

5,000 words, on November 18, 2022. Defendants shall serve, but not file, their combined sur-reply brief on December 9, 2022. The combined argument in Defendants' sur-reply brief shall not exceed 2,500 words, with each Defendant having up to an additional 750 words to address any unique issues to that Defendant, if any. No later than December 16, 2022, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][8]

    1. Plaintiff's Opening Position

    2. Defendants' Answering Position

    3. Plaintiff's Reply Position

    4. Defendants' Sur-Reply Position

B. [TERM 2]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

    3. Plaintiff's Reply Position

    4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall

---

[8] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

submit them in a Joint Appendix.

       10.      Hearing on Claim Construction. **Plaintiff's Position:** Beginning at 9:00 a.m. on a date that is convenient to the Court in late October 2022, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present live testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

**Defendants' Position:** Beginning at 9:00 a.m. on a date that is convenient to the Court in January 2023, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present live testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

       11.      Disclosure of Expert Testimony.

          a.      Expert Reports. **Plaintiff's Position:** For the party or parties who have the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 13, 2023. The supplemental disclosure to contradict or

rebut evidence on the same matter identified by another party or parties is due on or before March 13, 2023. Reply expert reports from the party or parties with the initial burden of proof are due on or before April 10, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and if they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before May 15, 2023.

**Defendants' Position:** For the party or parties who have the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 15, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party or parties is due on or before May 20, 2023. Reply expert reports from the party or parties with the initial burden of proof are due on or before June 24, 2023. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and if they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for

deposition. Depositions of experts shall be completed on or before August 3, 2023.

        b.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion according to the schedule in Attachment A.

    12.    Case Dispositive Motions. **Plaintiff's Position:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 23, 2023. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

**Defendants' Position:** All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before September 8, 2023. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side for each respective case is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

    13.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    14.    Pretrial Conference. **Plaintiff's Position:** On a date that is convenient to the Court in November 2023, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with

Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

**Defendants' Position:** On a date that is convenient to the Court in February 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire,

(ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17. <u>Trial</u>. **Plaintiff's Position:** Dr. Barry proposes that the Court schedule the Stryker jury trial for five (5) days to begin at 8:30 a.m. in December 2023, with the subsequent jury trial days beginning at 8:30 a.m. and ending at 5:00 p.m. The jury trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

Dr. Barry further proposes that the Court schedule a Trial Sequencing Conference in November 2023 to schedule the Alphatec and SeaSpine trials.

**Defendants' Position:** Defendants propose that the Court schedule the Stryker trial for five (5) days to begin at 8:30 a.m. in March 2024, with the subsequent trial days beginning at 8:30 a.m. and ending at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

Defendants further propose that the Court schedule the SeaSpine and Alphatec trials for five (5) days each to begin in April and May 2024.

18. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____  
The Honorable Richard G. Andrews  
United States District Judge