IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>STRYKER CORPORATION,<br><br>Defendant. | No. 20-1787 (RGA)<br><br>JURY TRIAL DEMANDED |
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., AND ALPHATEC SPINE, INC.,<br><br>Defendants. | No. 21-805 (RGA)<br><br>JURY TRIAL DEMANDED |
| DR. MARK A. BARRY,<br><br>Plaintiff,<br><br>v.<br><br>SEASPINE HOLDINGS CORP., SEASPINE ORTHOPEDICS CORP., AND SEASPINE, INC.<br><br>Defendants. | No. 21-806 (RGA)<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] CONSOLIDATED SCHEDULING ORDER**

The Court having conducted an initial Rule 16(b) scheduling conference on March 8, 2022 pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

1

IT IS ORDERED that:

1.      <u>Consolidation</u>.  These actions are consolidated for all purposes other than trial, and all filings shall be made in *Dr. Mark A. Barry v. Stryker Corporation*, No. 20-1787 (RGA).  For purposes of this Order, the Alphatec defendants are collectively referred to as "Alphatec," and the SeaSpine defendants are collectively referred to as "SeaSpine."  Collectively, Stryker Corporation, Alphatec, and SeaSpine are the "Defendants."

2.      <u>Rule 26(a)(l) Initial Disclosures</u>. Unless otherwise agreed to by the parties, Defendants Alphatec and SeaSpine shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before: **March 25, 2022**.

3.      <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before: **June 3, 2022**.

4.      <u>Discovery</u>.

   a.   <u>Default Standard Paragraph 3 Disclosures</u>. Defendants Alphatec and SeaSpine shall make their disclosures pursuant to Paragraph 3 of the Default Standard for Discovery, Including Discovery of Electronically Stored Information (the "Default Standard") on or before: **March 25, 2022**.

   b.   <u>Initial Discovery in Patent Litigation</u>.[1] According to paragraphs 4(a)-(e) of the Default Standard:

      i.   On or before March 4, 2022, Plaintiff specifically identified for each Defendant the accused products[2] and the asserted patent(s) they allegedly infringe, and produced the file history for each asserted patent, and identified Plaintiff's preliminary damages model.

      ii.  Each Defendant shall produce to the Plaintiff the core technical

---

[1] As these disclosures are "preliminary" or "initial," each party shall be permitted to supplement.
[2] For ease of reference, the word "product" encompasses accused methods and systems as well.

documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications on or before: **April 15, 2022**.

      iii.      Plaintiff shall disclose a list of claims being asserted against Defendants Alphatec and SeaSpine no later than **April 29, 2022**.

      iv.      Plaintiff shall produce to each Defendant an initial claim chart relating each accused product to the asserted claims (which shall be limited to no more than 3 claims from each asserted patent) each product allegedly infringes on or before: **May 13, 2022**.

      v.      Each Defendant shall produce to the Plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) on or before: **June 30, 2022**.

      vi.      Absent a showing of good cause, or an agreement among all parties, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

      c.      <u>Fact Discovery Cut Off</u>.  All fact discovery shall be initiated so that it will be completed on or before: **February 17, 2023**.

      d.      <u>Document Production</u>.  Document production shall be substantially complete by **September 9, 2022** for Barry v. Stryker and by **December 20, 2022** for Barry v. Alphatec and Barry v. SeaSpine.

      e.      <u>Requests for Admission</u>.  Dr. Barry may serve a maximum of 50 requests for admission on each Defendant.  Each Defendant may serve a maximum of 40 independent requests for admission on Dr. Barry.  Defendants, collectively, may serve 10 common requests for admission on Dr. Barry.  Any requests for admission directed to authentication of documents are

excluded from this limitation.

      f.    <u>Interrogatories</u>.  Dr. Barry may serve a maximum of 25 interrogatories, including contention interrogatories, on each Defendant.  Each Defendant may serve a maximum of 15 independent interrogatories, including contention interrogatories, on Dr. Barry.  Defendants, collectively, may serve 10 common interrogatories, including contention interrogatories, on Dr. Barry.

      g.    <u>Depositions</u>.

          i.    <u>Limitation on Hours for Deposition Discovery</u>. Dr. Barry may take up to **70** hours of non-expert testimony by deposition upon oral examination per Defendant.  Each Defendant is limited to a total of **70** hours of non-expert testimony by deposition upon oral examination.  The Defendants, collectively, may depose Dr. Barry, in his personal capacity, for a maximum of **21** hours. If one or more Defendant is dismissed from the case, the remaining Defendants may depose Dr. Barry, in his personal capacity, for a maximum of **14** hours.

          ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      h.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no

later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

    i.    <u>Miscellaneous Discovery Matters</u>.

        i.    The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether he expects to institute any further litigation in this or other Districts within the next year. Defendants should advise whether they expect to file one or more IPRs and, if so, when.

        ii.    The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the Court will consider such limits are before claim construction and after a ruling on claim construction.

When Dr. Barry serves his Initial Infringement Claim Charts, he will assert no more

than 3 claims from each of the 5 asserted patents (for a total of up to 15 asserted claims).

Each Defendant will limit the number of asserted prior art combinations in their Initial Invalidity Contentions to no more than 30 prior art combinations.

Each of the parties reserves their right to request amending the schedule to reduce the number of asserted claims, prior art, obviousness combinations, etc. for each asserted patent, and reserves their respective rights to return to the Court to seek such reductions during the litigation.

          iii.      If one or more of the patents-in-suit have already been licensed or the subject of a settlement agreement, either (1) Plaintiff shall provide the licenses and/or settlement agreements to Defendant no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, Plaintiff shall file any necessary proposed orders no later than twenty-four hours before the initial Rule 16(b) scheduling conference. Plaintiff shall represent in the scheduling order that he is complying or has complied with this requirement. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

Dr. Barry has complied with this requirement, producing the agreements on an Attorney's Eyes-Only basis.

5.     <u>Application to Court for Protective Order</u>. The Court entered a Stipulated Protective Order in *Barry v. Stryker Corp.*, C.A. No. 1787 on July 8, 2021 (D.I. 29). By March 25, 2022, Defendants Alphatec and SeaSpine will either agree to adopt the Stipulated Protective Order (D.I. 29) or raise any dispute concerning the Stipulated Protective Order with the Court pursuant to paragraph 4.h. above.

6.     <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed

document shall be filed electronically within seven days of the filing of the sealed document.

7. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>Claim Construction Issue Identification</u>. On or before **July 27, 2022**, Dr. Barry and Defendants shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **August 10, 2023**, Dr. Barry and Defendants shall exchange their proposed claim construction of those term(s)/phrase(s) and supporting evidence. This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **August 17, 2022**. The Joint Claim Construction Chart, in Word format, shall be emailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patents in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>.[3]

Dr. Barry shall serve, but not file, his opening brief, not to exceed **5,000** words, on

---

[3] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with his opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

**September 16, 2022**. Defendants shall serve, but not file, their combined answering brief on **October 18, 2022**. The combined portion of Defendants' answer brief shall not exceed **7,000** words, with each Defendant having up to an additional **1,200** words to address issues unique to that Defendant, if any.

Dr. Barry shall serve, but not file, his reply brief, not to exceed **5,000** words, with an additional **1,500** words per Defendant to respond to any issues that the Defendant states are unique to that Defendant, if any, on **November 1, 2022**. Defendants shall serve, but not file, their combined sur-reply brief on **November 15, 2022**. The combined argument in Defendants' sur-reply brief shall not exceed **2,500** words, with each Defendant having up to an additional **750** words to address any unique issues to that Defendant, if any. No later than **November 18, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][4]

    1. Plaintiff's Opening Position

    2. Defendants' Answering Position

    3. Plaintiff's Reply Position

    4. Defendants' Sur-Reply Position

---

[4] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

B. [TERM 2]

    1. Plaintiff's Opening Position

    2. Defendant's Answering Position

    3. Plaintiff's Reply Position

    4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.    <u>Hearing on Claim Construction</u>. Beginning at **8:30 a.m.** on **December 15, 2022**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present live testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above- scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

    11.    <u>Disclosure of Expert Testimony</u>.

        a.    <u>Expert Reports</u>. For the party or parties who have the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **March 15, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party or parties is due on or before **April 14, 2023**. Reply expert reports from the party or parties with the initial burden of proof are due on or before **May 12, 2023**. No other expert reports will be permitted without either the consent of all parties or leave of the

9

Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and if they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **June 28, 2023**.

      b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion according to the schedule in Attachment A.

    12.    Case Dispositive Motions.  After meeting and conferring, the parties shall file a joint letter on **June 19, 2023** setting forth their proposal(s) for the format and page numbers for case dispositive and *Daubert* motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 31, 2023**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

    13.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    14.    Pretrial Conference.  **On December 21, 2023**, at 9:00 a.m., the Court will hold a Rule 16(e) final pretrial conference in Court with counsel in *Dr. Mark A. Barry v. Stryker*

*Corporation*, No. 20-1787 (RGA).  On **January 26, 2024, at 9:00 a.m.**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel in *Dr. Mark A. Barry v. Alphatec Holdings, Inc., et al*., No. 21-805 (RGA).  On **February 23, 2024, at 8:30 a.m.**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel in *Dr. Mark A. Barry v. SeaSpine Holdings Corp., et al*., No. 21-806 (RGA).   The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

16. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51. l, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later

11

than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

17.     Trial. In *Dr. Mark A. Barry v. Stryker Corporation*, No. 20-1787 (RGA), the Court will hold a five (5) day jury trial beginning on **January 2, 2024, at 9:00 a.m.** In *Dr. Mark A. Barry v. Alphatec Holdings, Inc., et al.*, No. 21-805 (RGA), the Court will hold a five (5) day jury trial beginning on **February 5, 2024, at 9:00 a.m.** In *Dr. Mark A. Barry v. SeaSpine Holdings Corp., et al.*, No. 21-806 (RGA), the Court will hold a five (5) day jury trial beginning on **March 4, 2024, at 9:00 a.m.**

18.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Richard G. Andrews
United States District Judge